UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD COY, D. C., and JASON TALLEY, D. C., individually and on behalf of others similarly situated. </br></br>    Plaintiffs, </br></br> v. </br></br> COUNTRY MUTUAL INSURANCE COMPANY a/k/a COUNTY CASUALTY INSURANCE COMPANY d/b/a COUNTRY COMPANIES, </br></br>    Defendant. | Case No. 06-620-MJR |

## ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiffs' Motion to Remand to State Court (Doc. 13). A hearing was held on this matter on November 17, 2006. The matter being fully briefed and the parties having been heard, the Court will deny Plaintiffs' motion for the reasons set forth below.

**I.     Factual Background/Procedural History:**

On August 10, 2006, Defendant Country Mutual Insurance Company a/k/a Country Casualty Insurance Company d/b/a Country Companies ("Country Mutual") removed this action from the Circuit Court, Third Judicial Circuit, Madison County, Illinois. This putative nationwide class action is based on Country Mutual's alleged improper discounting of healthcare providers' bills for medical services rendered to persons covered by Country Mutual property and casualty insurance policies.

1

Plaintiffs allege that Country Mutual wrongfully and deceptively reduces payments to Plaintiffs by claiming the benefits from purported Preferred Provider Organization ("PPO") agreements without any evidence that valid PPO agreements exist and/or without performing the associated obligation of "preferring" the effected healthcare providers to their insureds/beneficiaries through financial incentives designed to channel patients to Plaintiffs. Plaintiffs state that Country Mutual is not entitled to retain these monies, nor is it otherwise entitled to any PPO discounts from Plaintiffs and the Class. Plaintiffs state that the improper practice employed by Country Mutual is known in the insurance industry as a *"silent PPO."*

The **Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005)** ("CAFA"), expressly applies to class actions commenced on or after its enactment. This class action was commenced on February 10, 2005, a week before the enactment of CAFA. The original complaint alleged breach of contract, unjust enrichment, and consumer fraud and deceptive business practices. Country Mutual moved to dismiss based on lack of standing, failure to attach the applicable written instruments upon which the claims were founded and failure to plead the requisite elements of consumer fraud and unjust enrichment. Instead of proceeding on the motion to dismiss, the state court granted Plaintiffs leave to file an amended complaint. Plaintiffs' First Amended Class Action Complaint, filed on or about July 10, 2006, alleged common law fraud, consumer fraud and deceptive business practices, unjust enrichment and breach of contract. The amended complaint also adds Plaintiff Jason Talley, D.C., and additional factual allegations. After the filing of the amended complaint, on August 10, 2006, Country Mutual removed the case.

Plaintiffs' arguments for remand are fourfold: 1) the Court lacks jurisdiction because the amended complaint relates back to the original complaint filed prior to the enactment of CAFA;

2) the Court lacks jurisdiction because CAFA does not apply to cases commenced before its enactment[1]; 3) Country Mutual failed to present competent evidence of the amount in controversy; and 4) Country Mutual's removal is untimely.

Country Mutual responds that the amended complaint's new contract claim and the addition of a common law fraud count, based on allegedly fraudulent conduct not previously pled, commenced a new action for the purposes of CAFA. Country Mutual's arguments in opposition to remand are fivefold: 1) developments in a case after the complaint is filed can commence a new action for purposes of CAFA; 2) Plaintiffs' amended complaint commenced a new action; 3) the amount in controversy is above $5 million; 4) Plaintiffs' speculations about the number of class members who are Illinois citizens is irrelevant; and 5) removal was timely.

## II. Legal standard

### A. Removal

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**. Defendant has the burden of establishing that an action is removable, and doubts concerning removal must be resolved in favor of remand to the state court. *See Brill v. Countrywide Home Loans, Inc.*, **427 F.3d 446, 448 (7th Cir. 2005)**.

### B. Diversity Jurisdiction under CAFA

---

[1] Plaintiffs' argument that CAFA is not retroactive and Country Mutual's argument that developments in a case after the complaint is filed can commence a new action for purposes of CAFA are not discussed because they are not disputed.

Under CAFA, federal courts have jurisdiction in diversity, with exceptions not at issue here, *see* **28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9)**, over class actions with one hundred or more class members, *see* **28 U.S.C. § 1332(d)(5)(B)**, in which any member of the plaintiff class is a citizen of a state different from that of any defendant, or any member of a plaintiff class or any defendant is a foreign state or a citizen or subject of a foreign state. *See* **28 U.S.C. § 1332(d)(2)**. In a class action in which CAFA's requirement of minimal diversity is met, a federal court has jurisdiction if, after aggregating class members' claims, more than $5 million, exclusive of interest and costs, is in controversy. *See* **28 U.S.C. § 1332(d)(2), (d)(6)**. Class actions filed in state court that satisfy the jurisdictional prerequisites of CAFA are subject to removal to federal court. *See* **28 U.S.C. § 1453(a), (b)**.

### III. Discussion

On the record at the hearing held on November 17, 2006, the Court found that Country Mutual had presented competent evidence of the amount in controversy and that removal was timely.[2] The question of whether remand is appropriate turns on the knotty problem of whether Plaintiffs' First Amended Complaint "relates back" to the original complaint or commences a new action.

"The CAFA is not retroactive and therefore only applies to class actions which are 'commenced on or after the date of enactment' of the statute, February 18, 2005." ***Schillinger v.***

---

[2]Country Mutual's argument regarding the irrelevance of the number of Illinois policyholders is not discussed in detail because Plaintiffs' allegation as to the number of Illinois policyholders is speculative. Country Mutual has provided an unrefuted affidavit that less than one-third of the class members reside in Illinois. It is Plaintiffs' burden to prove that the local controversy exception to federal jurisdiction should apply where Defendant proves the amount in controversy and minimal diversity exist. ***Hart v. Fedex Ground Package Sys., Inc.,* 457 F.3d 675, 680 (7th Cir. 2006)**.

*360 Networks USA, Inc.*, **Civil No. 06-138-GPM, 2006 WL 1388876, at \*2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4)**. In general a class action is commenced for purposes of removal under CAFA on the date it originally was filed in state court. *See Knudsen v. Liberty Mut. Ins. Co.*, **411 F.3d 805, 806 (7th Cir. 2005)** *(Knudsen 1)*. In some instances, however, an amendment to a complaint may commence (or perhaps more correctly, recommence) a class action after the effective date of CAFA so as to make the action removable under the statute. "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.,* **466 F.3d 570, 573 (7th Cir. 2006) (citations omitted)**. "An amended complaint kicks off a new action only if, under the procedural law of the state in which the suit was filed, it does not 'relate back' to the original complaint." *Id*. **(citations omitted)**.

Under Illinois law, as under federal law, an amendment "relates back" when it arises out of "the same transaction or occurrence set up in the original pleading." **735 ILCS 5/2-616(b);** *Chandler v. Illinois Central R.R.,* **207 Ill.2d 331, 346 (Ill. 2003);** *see* **FED.R.CIV.P. 15(c);** *Schorsch v. Hewlett-Packard*, **417 F. 3d 748, 751 (7th Cir. 2005);** *Delgado-Brunet v. Clark,* **93 F.3d 339, 343 (7th Cir. 1996).** Illinois courts have also found that "an amendment relates back . . . when the original complaint 'furnished to the defendant all the information necessary . . . to prepare a defense to the claim subsequently asserted in the amended complaint." *Boatmen's National Bank of Belleville v. Direct Lines, Inc.,* **167 Ill.2d 88, 102 (Ill. 1995);** *Pierce v. Joe Keim Builders, Inc*. **274 Ill.App.3d 371, 374, 653 N.E.2d 928, 931(Ill.App. 1995) (citations omitted) ("Thus, an amended complaint relates back only when the original complaint supplies**

5

**defendant with all of the information necessary to prepare the defense to the claim asserted in the amended pleading."**).  The focus is not on the nature of the cause of action pled but on the identity of the transaction, *i.e.*, ". . . if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he will be able to defend against the plaintiff's claim, whatever theory it may be predicated upon." *Pierce*, **274 Ill.App.3d at 374, 653 N.E.2d at 931 (citations omitted)**.

The original complaint did not supply Country Mutual with all of the information necessary to prepare the defense to the claim asserted in the amended pleading.  Originally, Plaintiffs claimed that the contract between Country Mutual and its insureds required Country Mutual to pay "all reasonable and necessary medical expenses incurred and billed," but Country Mutual breached that agreement by improperly paying at reduced PPO rates.  Class Action Complaint, Doc. 2, ¶¶ 50-53.  Thus, the breach of contract claim was based on a contract of insurance between Country Mutual and its insured.

In the amended complaint, the contractual rights were based on two different, separate contracts:  preferred provider agreements between Plaintiffs and the network administrator, and a Payor Agreement between Country Mutual and the network administrator.  First Amended Class Action Complaint, Doc. 2, ¶ 90.  The defenses to the original complaint, raised by Country Mutual in state court, included that Dr. Coy lacked standing, that the complaint was time-barred and that the ICFA claim was barred under *Avery v. State Farm Mut. Auto Ins. Co.*, **215 Ill.2d 100, 835 N.E.2d 801 (2005)**.  None of these defenses is available under the amended complaint.

Furthermore, Country Mutual could not reasonably have expected that the character of the original pleading would be altered to the extent that the contract integral to the original

pleading would not be at issue in the amended complaint, but that the amended complaint would be based on two wholly different contracts.  **See, e. g., Torcasso v. Standard Outdoor Sales, Inc., 157 Ill. 2d 484, 626 N.E. 2d 225 (1993) (lawsuit based on breach of oral brokerage agreement did not arise from the same set of facts as a second suit based on the same brokerage agreement and a lease because the lease was crucial to one and irrelevant to the other)**; see also **Knudsen v. Liberty Mut. Ins. Co., 435 F.3d 755, 758 (7th Cir. 2006) (holding that ". . . a novel claim tacked on to an existing case commences new litigation for purposes of the Class Action Fairness Act.")**.

Moreover, in order to determine if a breach occurred. the Court would have to examine different contracts under the amended complaint.  Different duties arise under the different contracts, and the operative facts would vary widely.  **See, e. g., Onsite Engineering & Management, Inc. v. Illinois Tool Works, Inc., 319 Ill.App.3d 362, 744 N.E.2d 928 (2001) (Although plaintiff furnished the same individual with employees who performed services on the same project, the amended pleading did not relate back because the contract under which those services were provided was not the same as in the original pleading.)**.

The evidence appropriate to the original complaint would not be appropriate to the amended pleading such that judgment on the original complaint would be *res judicata* to the amended complaint.  See *Zeh v. Wheeler,* **111 Ill.2d 266, 489 N.E.2d 1342 (Ill. 1986)**; *River Park, Inc. v. Highland Park*, **184 Ill.2d 290, 311, 703 N.E.2d 883, 893**. The court's reasoning in *Zeh* is instructive.  In *Zeh*, both the original and amended complaints alleged a cause of action for a landlord's negligence in maintaining a stairwell. *Zeh,* **111 Ill. 2d at 268-69, 489 N.E.2d at 1345**. The amended complaint changed only the address of the property where plaintiff fell. *Id*. Although

plaintiff alleged that the change merely provided "a more particular statement of the facts alleged in the original complaint," the court determined that there was no relation back because the duty that arose in the maintenance of the stairwell might vary with the location of the property. *Id.* **at 275-77, 489 N.E.2d at 1346-47**.

Here, too, Plaintiffs argue that they merely added specificity to facts arising from the same transaction. However, as in *Zeh*, there is no relation back because the duty that arises under the contract in the original pleading is different from the duties that arise under the contracts in the amended pleading. The duty breached in the original complaint was the insurance company's duty to pay the insured, who, in turn assigned that payment to Dr. Coy. The duties breached in the amended pleading were among Country Mutual, Corvel (the network administrator) and Dr. Coy. Although similar facts were alleged as to the silent PPO, the cause of action differs and presents a novel claim and, accordingly, commences new litigation.

### IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to remand to state court (Doc. 13).

**IT IS SO ORDERED.**

**DATED this 4th day of December, 2006.**

   **s/Michael J. Reagan**
   **MICHAEL J. REAGAN**
   **United States District Judge**